UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
MARYLAND

| | |
|---|---|
| **UNITED STATES** | : |
| v. | : 21cr 0101 DKC |
| **MADANI ILARA TEJAN** | : |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, by and through counsel, respectfully submits this memorandum in aid of sentencing. He respectfully requests that he be sentenced to a term of years for the reasons outlined below.

### PROCEDURAL BACKGROUND

1. In February of 2023, a jury found Mr. Tejan guilty on all counts of a superseding indictment. He was found guilty of Count 1 – Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in part 40 grams or more of a mixture of substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846; Count 2 – Possession with Intent to Distribute a Controlled Substance, namely, oxycodone and fentanyl, in violation of 21 U.S.C. § 841(a)(1); Count 3 – Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); and Count 4 – Murder Resulting from the Use, Carrying, Brandishing, and Discharging of a Firearm During and in

1

relation to, and Possession, Brandishing, and Discharging of a Firearm in Furtherance of, a Drug Trafficking Crime and Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j).

## MATERIAL ERRORS IN PSR

2. There are material errors in the Presentence Report (PSR):

   a. **Page 6, ¶ 15 - 17**. There were no eyewitnesses to the murder of Victim.

   b. **Page 8-9, ¶ 24-31** There is no reliable evidence to establish relevant conduct (Murder of Victim 2). These paragraphs, along with any subsequent guideline calculations, should be removed from the PSR.

   c. **Page 11, ¶ 42** There is no reliable evidence that Tejan destroyed evidence. Tejan should not be assessed 2 levels for this.

   d. **Page 11, ¶ 42** There is no evidence that Tejan knew the pills seized from him contained fentanyl. They looked like oxycodone pills. 2D1.1(b) (13) requires "knowledge and knowing false marketing." Tejan should not be assessed 4 levels for this.[1]

   e. **Page 14, ¶ 66**. The multiple count adjustment should not include relevant conduct (Group 3) for reasons previously discussed. The result is that 2 units should be removed resulting in 1 unit total.

   f. **Page 20, ¶ 87-89** All of the listed state offenses were picked up by the US. These paragraphs should be deleted as the federal offenses account for the crimes.

## GUIDELINES ARE NOT MADATORY

---

[1] See, *United States v. Ihediwa*, 66 F.4th 1079, 1081 (7th Cir. 2023) (the government had no proof that Ihediwa knew the pills contained fentanyl); *United States v. Latimer*, 2022 WL 2872271 (4th Cir. 2022) (the facts as recited in Appellant's Anders Brief showed he made pills with heroin laced with fentanyl and sold as oxycodone). *Also see*, USSG supp. to app. C, amend. 807 (2023). (If an offender does not know the substance contains fentanyl or a fentanyl analogue, the enhancement does not apply. The specific offense characteristic includes a mens rea requirement to ensure that only the most culpable offenders are subjected to these increased penalties). **Ex. 1**

3. The Court has broad discretion to consider every aspect of a particular case, and a particular defendant, in fashioning an appropriate sentence. *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007). Although the Court must first calculate the appropriate sentencing range under the Guidelines, it is not bound by the Guidelines or Guidelines Policy Statements. It may make its own policy judgments, even if different from those in the Guidelines. *Kimbrough*, 552 U.S. at 101. The Court must impose a sentence consistent with the terms of 18 U.S.C. § 3553(a) and § 3661.

## SENTENCING FACTORS

4. The core requirement of 18 U.S.C. §3553(a) is that the court impose *"a sentence sufficient, but not greater than necessary"* to comply with the purposes of sentencing set forth in § 3553(a), which provides no order of priority among the factors. The factors outlined in § 3553(a) are as follows:

- The nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1);

- the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);

- the need for the sentence imposed "to afford adequate deterrence to

criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

• the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C);

• the need for the sentence imposed "to *provide the defendant with needed* educational or vocational training, *medical care*, or other correctional treatment in the most effective manner," 18 U.S.C. § 3552(a)(2)(D) (emphasis added);

• the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);

• the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);

• "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6);

• "the need to provide restitution to any victims of the offenses," 18 U.S.C. § 3553(a)(7).

## SENTENCE TO A TERM OF YEARS WARRANTED

**The Offense**

5. Mr. Tejan was convicted by a jury for the offenses for which he must now be sentenced. He asserted his right to empanel a jury of his peers. While he does not agree with their verdict, he respects it, and will pursue the appropriate appellate review rights guaranteed to him pursuant to the law.

**Mr. Tejan's Personal Background**

 **6**.  Mr. Tejan would benefit from both mental health and substance abuse treatment for conditions arising from childhood trauma and abuse**.** The defendant, Madani Tejan was born in Sierra Leone where he lived in the chaos of a notoriously brutal Civil War where children were forced to be soldiers and commit brutal acts. It is well-documented that a generation of children were either forced to participate or, if not forced to participate, could not help but observe widespread brutality. While Madani was not forced to be a child soldier because of his youthful age, he was unable to avoid observing the savagery which took his mother's life when he was only five years old.

 7. At the time of his birth, his father fled Sierra Leone to the United States. Tejan was left behind with his mother. After his mother was murdered, he was cared for by various relatives. He was eventually able to escape Sierra Leone at the age of eight, when his father paid for his flight to the United States. When Tejan arrived in the United States, he met his father for the first time and learned that he had already started a new family. Rather than receiving warmth, affection, and a feeling of safety, he felt out of place and threatened with strict and sometimes brutal discipline when he failed to meet his father's expectations. He did not have a close relationship with his family in the U.S. The defendant advised adjusting to the U.S. was difficult and "coming from a war country trying to act like everything was normal was hard." It was also traumatic seeing his "mom shot and people amputated" in Sierra Leone.

Historical records indicate that he has been diagnosed with Post Traumatic Stress Syndrome (PTSD).

**A Term of Years provides Just Punishment**

8. A term of years is sufficient to promote respect for the law, provide adequate deterrence, and to protect the public. Mr. Tejan is 31 years old. By imposing a term of years, this Court gives Tejan something to work towards achieving while incarcerated. It is a "light at the end of the tunnel." Tejan has been damaged at youth. However, he is intelligent and resourceful. Sentencing him to a term of years accounts for these factors while simultaneously complying with the objective goals of 18 U.S.C 3553(a).

**Sentencing Disparities**

9. In Fiscal Year 2022, 97.5% of all federal case resulted in guilty pleas, with the remaining 2.5% going to trial.[2] This is a significantly unbalanced number. The reason for this stark difference is that individuals that go to trial are sentenced more harshly. The wisdom of a system so unbalanced is at a minimum debatable. According to the United States Sentencing Commission's *2022 Source Book*, Table 15, the median sentence for murder in Fiscal Year 2022 was 240 months. **Ex. 3**. Tejan is 31 years old and a sentence to a term of years would satisfy the objective goals of 18 U.S.C 3553(a).

---

[2] See, the United States Sentencing Commission's *Interactive Data Analyzer – Sentencing Outcomes*. **Ex. 2.**

## Conclusion

Mr. Tejan submits that a sentence of a term of years is a *"sentence sufficient, but not greater than necessary"* to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

_____/s/_____
Christopher M. Davis #23441
Counsel for Madani Tejan
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300


_____/s/_____
Mary E. Davis #03230
Counsel for Madani Tejan
 Davis & Davis
1350 Connecticut Avenue, NW
 Suite 202
Washington, DC 20036
202.234.7300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served on the United States via the Court's CM/ECF System on this 14th day of December 2023.

_____/s/_____
Christopher M. Davis